# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: March 24, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *
CHRISTOPHER LAGOS,                    *
                                      *
                                      *
          Petitioner,                 *              No. 19-436V
                                      *
v.                                    *              Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *              Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,                   *
                                      *
          Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Anne C. Toale,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 3, 2023, Christopher Lagos ("petitioner") filed an application for interim attorneys' fees and costs. Petitioner ("Pet.") Interim Fees Application ("Int. App.") (ECF No. 60). **I hereby GRANT petitioner's motion and award $100,139.96 for interim attorneys' fees and costs.**

### I. Procedural History

On March 22, 2019, petitioner filed his petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of receiving a tetanus-diphtheria-pertussis ("Tdap") vaccine on March 27, 2018, he developed Guillain-Barré syndrome ("GBS"). *Id.* Petitioner filed medical records on May 1, 2019 to accompany his petition. *See* Pet. Exhibits ("Exs.") 1-13 (ECF No. 7).

Petitioner continued to file medical records until January 9, 2020. *See* Pet. Exs. 14-25 (ECF Nos. 16-19, 27). On April 2, 2020, respondent filed a status report stating that respondent was interested in

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

pursuing litigative risk settlement negotiations. Respondent ("Resp.") Status Report (ECF No. 29). On May 18, 2020, petitioner filed a motion to stay proceedings, stating that the Tdap vaccine petitioner received had been in the course and scope of his employment, where he had a "trip and fall accident," while working on a project and that he had a pending workers' compensation claim and a premises liability claim pending. Pet. Motion to Stay (ECF No. 31). The undersigned granted petitioner's motion to stay the case until September 17, 2020. Order (ECF No. 32). The stay was extended until July 30, 2021. Order (ECF No. 36). The stay was lifted August 17, 2021. Order, non-pdf Aug. 17, 2021.

On December 8, 2021, I held a status conference in the above-captioned case ordering petitioner to file any evidence relating to damages, including tax returns, workers' compensation, a vocational expert report and SSDI entitlement. Scheduling Order (ECF No. 43). The parties began to engage in settlement negotiations. Additionally, both parties filed expert reports from economists. *See* Pet. Ex. 37; Resp. Ex. 54.

Eventually, the parties determined that they wanted to also pursue litigation for vaccine causation. Respondent filed the Rule 4c report on December 23, 2022. Resp. Report ("Rept.") (ECF No. 58). I ordered petitioner to file an expert report on vaccine causation by February 23, 2023. Petitioner requested additional time to file the expert report. *See* Pet. Mot. to Suspend Deadline (ECF No. 59).

On March 3, 2023, petitioner filed this instant motion for interim attorneys' fees and costs. Pet. Int. App. Petitioner is requesting $81,027.90 in attorneys' fees and $19,112.06 in attorneys' costs. *Id.* at 1. Respondent filed a response on March 17, 2023, stating that "respondent defers to the special master to determine whether or not petitioner ha met the legal standard for an interim fees and costs award, set forth in *Avera*." Resp. Response at 2 (ECF No. 61) (citing *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343 (Fed. Cir. 2008). Respondent requests that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a belief that the Tdap vaccine was the cause of his injuries. Therefore, I find that the good faith standard has been met in this case.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). At this time, petitioner has maintained reasonable basis. Petitioner has filed objective evidence to support his claim, including medical records and proof of vaccination. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Petitioner's claim has been pending since 2019 and the amount of attorneys' fees requested by petitioner exceeds $30,000.00. Additionally, petitioner is seeking reimbursement for expert costs associated with litigating his claim which also exceed the minimum threshold of $15,000. Further, additional fees and costs are likely to be incurred in this claim, as the parties have recently decided to pursue litigation of this claim. As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

### A. Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 can be accessed online.

In this case, petitioner requests various rates of compensation for the attorneys who have worked on his case at the Maglio firm, but predominantly Ms. Anne Toale, Ms. Diana Stadelnikas, and Mr. Altom Maglio, in addition to multiple paralegals. Pet. Fees App., Ex. 43 at 46. I have reviewed the requested rates and find them to be in conformance with what the Maglio, Christopher and Toale attorneys and staff have previously been awarded for their work by myself and other special masters. Accordingly, no adjustments to the requested rates are necessary.

### C. Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed in this matter. Upon review, I do not find any objectionable entries. Accordingly, petitioner is entitled to the full amount of attorneys' fee sought.

### D. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner requests a total of

$19,112.06 in attorneys' costs. Pet. Int. App. at 2. The costs include the filing fee, obtaining medical records, obtaining records for petitioner's workers compensation claim, postage, copies of documents, travel costs, and expert costs. Pet. Ex. 44. The majority of these costs are associated with the retention of the LitCon group for the development of the petitioner's lost-wage claim. *Id.* at 2.

Petitioner has submitted appropriate documentation for these costs, including invoices and payment receipts. Further, petitioner submitted a detailed invoice from LitCon, along with the resumes of the economists that developed the report. Pet. Ex. 44 at 72. Thus, no adjustments to petitioner's attorneys' costs need to be made. Petitioner's attorneys' costs shall be reimbursed in full.

## IV. Conclusion

In accordance with the foregoing, petitioner's motion for interim attorneys' fee and costs is **GRANTED.** Therefore, I award the following in interim attorneys' fees and costs:

A) **A lump sum payment of $100,139.96, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's attorney Maglio Christopher and Toale.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Payment is to be forwarded to MCTlaw at 1605 Main Street, Suite 710, Sarasota, FL 34236.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).