# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 20, 2024

```
* * * * * * * * * * * * *
CHRISTOPHER LAGOS,          *
                            *
                            *
        Petitioner,         *              No. 19-436V
                            *
v.                          *              Special Master Gowen
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * *
```

*Anne C. Toale,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Catherine E. Stolar,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On March 29, 2024, Christopher Lagos ("petitioner") filed a motion for final attorneys' fees and costs. Petitioner's Fees Motion ("Fee Mot.") (ECF No. 80). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $21,997.78 in final attorneys' fees and costs.

### I.    Procedural History

On March 22, 2019, petitioner filed his claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the tetanus-diphtheria-acellular vaccine on March 26, 2018, he developed chronic inflammatory demyelinating polyneuropathy ("CIDP"). *Id.*

Initially, respondent sought to engage petitioner in litigative risk settlement discussions. *See* Respondent's ("Resp.") Status Report ("Rept.") (ECF No. 29). However, afterwards, petitioner requested that the Court stay the proceedings in this matter because petitioner was pursuing third-party litigation because his injury occurred "in the course and scope of his employment," as he was injured "in a trip-and-fall while working on a construction project on the Verrzaono Narrows Bridge in New York City," and as a result of the fall, he required a tetanus vaccine. Petitioner's ("Pet'r") Mot. Stay of Proceedings (ECF No. 31). The proceedings in this matter were stayed until July 17, 2021 and the parties began to re-engage in litigative risk settlement negotiations again, but indicated in a Joint Status Report that the case should proceed on a dual track.

On December 23, 2022, respondent filed the Rule 4(c) report stating that the petitioner is not alleging a Table injury and therefore, petitioner must proceed on a theory of causation-in-fact. Resp. Report ("Rep.") at 15. Respondent stated that petitioner has not submitted a report from a medical expert to support his claim that the Tdap vaccine can cause GBS or CIDP. *Id.* Respondent recommended that the case be dismissed. *Id.* at 16.

On March 3, 2023, petitioner's attorney filed a motion for interim attorneys' fees and costs, which I granted on March 24, 2023. Decision on Interim Attorneys' Fees and Costs (ECF No. 63).

On August 29, 2023, petitioner filed a status report stating that his third-party lawsuit has been settled, but "legal questions remain open as to how the settlement proceeds from that case should be apportioned to the categories of recoverable under the Vaccine Act." Pet'r Status. Rep. (ECF No. 71).

On December 29, 2023, the parties filed a stipulation of dismissal, and I entered an Order Concluding Proceedings on January 2, 2024. ECF No. 78. The petitioner filed this instant motion, seeking $17,504.00 in final attorneys' fees and $4,493.78 in attorneys' costs. Fee Mot. at 1-3. Respondent filed a response on April 10, 2024, stating that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and that the special master should use his discretion to determine a reasonable fee award. Resp. Response at 3-5. However, respondent also stated that "to the extent petitioner is requesting higher hourly expert rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rate for the most qualified experts opining on the most complex medical issues." *Id.* at 3. Respondent also stated that a "submission of a 'fee schedule' for expert testimony outside of the Vaccine Program would not typically be sufficient evidence to justify a higher hourly rate, particularly if it does not delineate the hourly rate actually be charged." *Id.* Respondent stated, "The Court should continue to make case-by-case determinations about a reasonable hourly rate [for experts] based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." *Id.* at 4. Further, respondent argued that "the hourly rate paid to experts who appear on behalf of respondent ($375.00) be considered when determining an appropriately hourly rate," and that the

rate respondent pays to his experts "is direct evidence of a rate that experts in all medical specialties have accepted for Vaccine Program cases, and is highly relevant as toe the appropriate [expert] rate here." *Id.* That being said, respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fee sand costs." *Id.*

Petitioner filed a reply on April 11, 2024, stating that the petitioner had filed "sufficient and complete evidence" on the reasonableness of the requested attorneys' fees and case costs and that the motion for attorneys' fees and costs was accompanied by detailed fees and costs invoices. Pet'r Reply at 1-2 (ECF 82). Petitioner requested that his motion for final attorneys' fees and costs be awarded in full. *Id.* at 2.

This matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). While petitioner's case ended in an Order Concluding Proceedings, I find that petitioner's claim was brought with good faith and maintained reasonable basis. Further, respondent conceded that "the statutory requirements for an award of attorneys' fees and costs are met in this case," and raised no objection. Resp. Response at 2.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

In this case, petitioner requests various rates of compensation for the attorneys who have worked on his case at the Maglio firm between March 2023 and March 2024, predominantly Ms. Anne Toale, Ms. Jessica Olins, paralegal Ms. Elena Siamas, paralegal Ms. Kendall Wallin, and paralegal Ms. Lindsay Wilkinson. Fees Mot. Exhibit 47. I have reviewed the requested rates and find them to be consistent with what the Maglio, Christopher and Toale attorneys and staff have previously been awarded for their work by myself and other special masters. Accordingly, no adjustments to the requested rates are necessary. *See Thomas v. Sec'y of Health & Hum. Servs.,* No. 18-1948V, 2024 WL 4442050 (Fed. Cl. Spec. Mstr. Aug. 6, 2024).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe

3

the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $17,504.00.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,493.78 in attorneys' costs. Petitioner submitted an invoice for the costs, which include obtaining medical records, legal research, subpoena service, and expert costs. Fees Mot. Ex. 48. Petitioner has also included adequate bills and invoices for such costs. Most of these costs, $3,850.00 are associated with retaining Dr. Kazim Sheikh. *Id.* Dr. Sheikh's hourly rate for work performed in this case was $550.00 per hour. In addition to petitioner's invoice from Dr. Sheikh, petitioner also submitted Dr. Sheikh's CV, and a memorandum in support of Dr. Sheikh's requested rates of $550.00 per hour.

While the respondent does not make a direct objection to Dr. Sheikh's hourly rate of $550.00 per hour, respondent offers that the rate that his experts receive of $375.00 per hour to provide opinions in Vaccine Program cases is instructive and should be considered as to the rates requested in this matter. Resp. Response at 4. Respondent does not reference the multiple cases where Dr. Sheikh's previous rate of $500.00 per hour was found to be reasonable. *See e.g. Shinskey v. Sec'y of Health & Hum. Servs.,* No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019) (awarding Dr. Sheikh $500.00 per hour for work performed in 2017); *St. Pierre v. Sec'y of Health & Hum. Servs.,* No, 16-1315V, 2019 WL 410599, at *2 (Fed. Cl. Spec. Mstr. Jan. 11, 2019) (awarding Dr. Sheikh $500.00 per hour for work performed in 2017); *Stuart v. Sec'y of Health & Hum. Servs.,* No. 16-940V, 2022 WL 176145, at *7 (Fed. Cl. Spec. Mstr. Jan. 5, 2022) (awarding $500.00 per hour for work performed between 2018-2019); and *Morrison v Sec'y of Health & Hum. Servs.,* No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023) (awarding $500.00 per hour to Dr. Sheikh for work performed between 2019-2020).

Nor does respondent reference the number of other Vaccine Program cases where neurologists have been awarded hourly rates of $500.00 per hour or higher. *See e.g. Blender v. Sec'y of Health & Hum. Servs.,* No. 16-1308V, 2020 WL 5090439, at *4 (Fed. Cl. Spec. Mstr. Aug. 5, 2020) (awarding neurologist Dr. Enrique Aradillas, $600.00 per hour); *Reinhardt v. Sec'y of Health & Hum. Servs.,* No. 17-1257V, 2021 WL 2373818, at *5 (Fed. Cl. Spr. 22, 2021) (awarding neurologist Dr. Dean Cestari $550.00 per hour). As petitioner explained in the memorandum that accompanied the fees application regarding the increased fee rate of Dr. Sheikh, some special masters, including myself, have acknowledged that reasonable hourly rates for experts, similar to attorneys' hourly rates, may be modified to account for inflation and market realities. *See Johnson v. Sec'y of Health & Hum. Servs.,* No. 14-642V, 2017 WL 4585215, at *1 (Fed. Cl. Spec. Mstr. Sept. 21, 2017) (Chief Special Master acknowledging that experts will begin to request increased rates and "given what the market would pay for their services, be entitled to receive," such rate); *Williams v. Sec'y of Health & Hum. Servs.,* No. 17-255V, 2022 WL 628716, at *4 (Fed. Cl. Spec. Mstr. Feb. 7, 2022) ("[w]hat was considered a reasonably hourly rate five years ago should not necessarily be taken strictly at face value with

respect to what would be reasonable today.").

Finally, respondent does not make any specific objection to Dr. Sheikh's rate or qualifications in this matter. Dr. Sheikh is a board-certified neurologist, licensed in the states of Maryland and Texas, is a Professor of Neurology at the University of Texas in Houston and was previously an Assistant Professor of Neurology at Johns Hopkins University School of Medicine, and has authored or co-authored numerous medical articles within the field of neurology. Fee App. Ex. 52. As such, Dr. Sheikh's requested rate of $550.00 per hour is reasonable and petitioner's costs shall be awarded in full.

### III. Conclusion

In accordance with the above, I hereby award the following in final attorneys' fees and costs:

1) **A lump sum in the amount of $21,997.78 in final attorneys' fees and costs in a check made payable to petitioner and his attorney, Ms. Anne Toale of Maglio, Christopher and Toale.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Consistent with granting petitioner's motion to amend the motion for attorneys' fees and costs, the check for attorneys' fees and costs shall be sent to 1515 Ringling Blvd. Suite 700, Sarasota, FL 34236.

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).